1

**Immigration and Naturalization Service**  Notice to Appear

**In removal proceedings under section 240 of the Immigration and Nationality Act**

| | | | File No: | A35 345 047 |
|---|---|---|---|---|
| | | | DIN#: | 00R7281 |
| | | | EPR: | January 25, 2002 |

In the Matter of:

| Respondent: | TOROSIAN | Vrej | Ohannes | |
|---|---|---|---|---|
| A/K/A | VEJ, Torosian | TOROSIAN, Vrej ( | | currently residing at: |
| | Oneida Correctional Facility | | | |
| | 6100 School Road | Rome, NY | 13440 | |

(Number, street, city, state and ZIP code)

[  ]  1. You are an arriving alien.

[  ]  2. You are an alien present in the United States who has not been admitted or paroled.

[ X ]  3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

## SEE ATTACHED I-831 FOR ALLEGATIONS

On the basis of the foregoing, it is charged that you are subject to removal from the United States
pursuant to the following provision(s) of law:

## SEE ATTACHED I-831 FOR CHARGES

[  ]  This notice is being issued after an asylum officer has found that the respondent has demonstrated
a credible fear of persecution.

[  ]  Section 235(b)(1) order was vacated pursuant to:  [  ] 8 CFR 208.30(f)(2)  [  ] 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

| Executive Office for Immigration Review | Box 800, Berme Road | |
|---|---|---|
| Immigration Court | Napanoch, NY  12458 | |

(Complete Address of Immigration Court, Including Room Number, if any)

on _____ date, time and place to be set _____  to show why you should not be removed from the

(Date)  (Time)

United States based on the charge(s) set forth above.

_(signature)_

(Signature and Title of Issuing Officer)
Institution Hearing Program Director

Date: January 31, 2001

New York, New York
(City and State)
Form I-862(Rev. 4/1/97)

# Notice to Respondent

* Warning: Any statement you make may be used against you in removal proceedings.

* Alien Registration: This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

* Representation: If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no Removal will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

* Conduct of the Removal: At the time of your Removal, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the Removal.

* At your Removal you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

* You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

* Failure to appear: You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of Removal will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your Removal. If you fail to attend the Removal at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

## Request for Prompt Removal

To expedite a determination in my case, I request an immediate Removal. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before: _____       Date: _____

(Signature and Title of INS Officer)

### Certificate of Service

This Notice to Appear was served on the respondent by me on _____, in the following manner and in

(Date)

compliance with section 239(a)(1)(F) of the Act:

[   ]   in person          [   ]   by certified mail, return receipt requested          [ X ]   by regular mail

[ X ]   Attached is a list of organizations and attorneys which provide free legal services.

[   ]   The alien was provided oral notice in the  English  language of the time and place of his or her removal and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____               _____
(Signature of Respondent if Personally Served)       (Signature and Title of Officer)

Form I-862(Rev. 4/1/97)



| Alien's Name | File Number | Date |
|---|---|---|
| TOROSIAN, Vrej Ohannes | A35 345 047 | January 31, 2001 |

AKA: VEJ, Torosian; TOROSIAN, Vrej O.; TOROSIAN, Vreg; TOROSIAAN, Vres O.; TOROGIAN, Frank; TDROSIAN, Frank, TOROGIAN, Frank; TOROSIAN, Urej; TOROSIAN, Frank; VREJ, TOROSIAN

## ALLEGATIONS:

1. You are not a citizen or national of the United States;

2. You are a native of Iraq and a citizen of Iraq;

3. You were admitted to the United States at New York, New York on May 7, 1976, as a Lawful Permanent Resident;

4. You were convicted of the crime of Grand Larceny in the Fourth Degree, in violation of Section 155.30 of the New York State Penal law, pursuant to a judgment entered on or about November 29, 2000, by the Supreme Court of the State of New York, County of Queens, under indictment number 100-2000;

5. You were convicted of the crime of Criminal Possession of Stolen Property in the Fourth Degree, in violation of Section 165.45 of the New York State Penal law, pursuant to a judgment entered on or about November 29, 2000, by the Supreme Court of the State of New York, County of Queens, under indictment number 100-2000;

6. You were convicted of the crime of Criminal Possession of Stolen Property in the Fifth Degree, in violation of Section 165.40 of the New York State Penal law, pursuant to a judgment entered on or about November 29, 2000, by the Supreme Court of the State of New York, County of Queens, under indictment number 100-2000;

7. As a result of the aforesaid convictions for Grand Larceny and Criminal Possession of Stolen Property, you were sentenced to a term of imprisonment of at least one year on each charge.

## CHARGE:

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(G) of the Act, a crime of violence (as defined in Section 16 of Title 18, United States Code, but not including a purely political offense) for which the term of imprisonment ordered is at least one year.

| Signature | Title |
|---|---|
| | Institutional Hearing Program Director |

PAGE # _____

Form I-831 Continuation Page (Rev. 4/1/97)

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [X] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [X] INS
DATE: 11-27-01    BY: COURT STAFF  MCP
    Attachments:  [X] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [X] Other

Appeal pkt + EOIR 26 EOIR 26A EOIR 27

Q6

2

# POST ORDER CUSTODY REVIEW WORKSHEET FOR FILE REVIEW
## AND/OR INTERVIEW

**Detainee Name:** TOROSIAN, Vrej Ohannes **Date of Birth:** 08/23/59 "A" Number: A35 345 047

**AKAs:** TOROSIN, Frank    **BOP Number:**

**Country of Birth:** Iraq    **Citizenship:** Iraq

**Date of Arrival:** May 7, 1976    **Place of Arrival:** New York, NY

**Manner of Arrival:** Immigrant    **Last Date into INS Custody:** 02/12/2002

**Entered INS Custody from:** ☐ Local ☒ State ☐ Federal Institution
☐ Other

**Location:** New York Department of Corrections    **Institution Number:** 798-1677

**Immigration History:** (Prior INS arrest[s]/parole/bond/custody information)

    Describe: None

**Deportation Officer:** David W. Savina    **Date of Review:** 06/21/2002

**Location Detained:**    Montgomery County correctional Facility
60 Eagleville Road
Norristown, PA 19403

## Deportation/Exclusion/Removal Proceedings

**List all Charges:** ☒ Section 237 (a)(2)(A)(iii)
☐ Section 212 (a)   ,  ,
☐ Section 241      .  ,

☒ Under <u>Final Order</u> dated: 03/22/2002 by ☐ IJ ☒ BIA ☐ Other

☒ Appeal Waived/Appeal Time Elapsed

**Travel Document Status/History:** Travel document request sent on May 2, 2002, to HQD&R and the Iraq interest section.

SENT BY: US IMMIGRATION BERKS OFFICE;    610 376 0435;    JUL-26-02 15:29;    PAGE 4/9

## Legal Representative / Attorney

**G-28 Filed:**  ☐ Yes  ☒ No

**Legal Rep/Atty. Notified of Interview:**  ☐ Yes  ☒ N/A  by:
on:

**Name of Representative / Attorney:**


## Criminal History

**Outside the United States:**  Unknown
(specify nature of crime, whether convicted, sentence imposed, date, and country)

**In the United States:**  Yes, see below

**NCIC Checks:**  ☒ Criminal History  ☐ No record Found
(State and Federal)

**FBI#** 942218LA8  **SID#** NY5044804Q

Summary of NCIC Checks:
09/12/94 – Convicted: Att. Unauthorized Use of a Vehicle – Disp: Conditional Discharge
08/26/94 – Convicted: Petit Larceny – Disp: 30 Days
11/02/94 – Convicted: Criminal Trespass 3rd – Disp: Conditional Discharge
11/22/94 – Convicted: Poss. Burglary Tools – Disp: Unknown
04/10/95 – Convicted: Crim/Mischief Intent to Damage Prop. – Disp: 30 Days
12/09/95 – Convicted: CPCS 7th – Disp: 7 Days
09/21/96 – Convicted: CPCS7th – Disp: License suspended/ 5 Months
09/21/96 – Convicted: Petit Larceny – Disp: 15 Days
09/21/96 – Convicted: CPCS 7th – Disp: 15 Days
10/10/96 – Convicted: CPCS 7th – Disp: 15 Days
05/06/97 – Convicted: CPSP 4th – Disp: Time Served
04/06/98 – Resentenced: Probation Violation for CPSP – Disp: 1 Year
09/30/97 – Convicted: CPCS 7th – Disp: 20 Days
09/22/00 – Convicted: Grand Larceny  Disp: 2 – 4 Years

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**  ☒ Yes  ☐ No

If Yes, List & Describe: 30 Days for Threats

**Disciplinary reports and Incidents while in INS Custody?**  ☐ Yes  ☒ No

If Yes, List & Describe:  **Page 2**

**Specifics of Interview**

Date of File Review: June 21, 2002

Date of Detainee Interview: Subject was not interviewed during this review

Location of Interview: N/A

Interviewing Officer:#1: N/A

Interpreter Used: ☐ Yes   ☐ No       Name:
Language/Dialect:

---

**Does the detainee have a place to live in the United States?**     ☐ Yes     ☒ No

   Address: None provided by subject prior to review.

**Is the detainee subject to any parole or probation requirements?**     ☒ Yes     ☐ No

   Describe: New York Probation until 9/2002.

**Does the detainee have close family ties within the United States?**     ☐ Yes     ☒ No

   Describe: None provided by subject prior to this review.

**Does the detainee have any community ties or non-governmental sponsors?** ☐ Yes ☒ No

   Describe: None found or provided prior to this review.

**Does the detainee have any employment prospects?**     ☐ Yes     ☒ No

   Describe: None provided prior to this review.

**What is the detainee's employment history?**

   Describe: Unknown and not provided prior to this review.

**What is the detainee's educational level?**

   Describe: Unknown and not provided prior to this review.

**Does the detainee have any vocational training?**     ☐ Yes     ☒ No

   Describe: Unknown and not provided.

SENT BY: US IMMIGRATION BERKS OFFICE;     610 376 0435;     JUL-26-02 15:29;     PAGE 6/9

## *Medical/Psychological Concerns*

**Medical/Psychological Report :** ☐ In A-File   ☒ None   ☐ Not Available

**Date and Source:**

**Summary:**

---

**Other documentary evidence for consideration in this review:**

NCIC Report
New York PSI

---

**Discussion at Interview**

**Notes:** This subject was not interviewed during this review.

SENT BY: US IMMIGRATION BERKS OFFICE;    610 376 0435;    JUL-26-02 15:30;    PAGE 7/9

The INS detainee was found ☐ **CREDIBLE** ☐ **NOT CREDIBLE**

**Explain:** This section is not applicable to this review.

## Officer Comments/Analysis & Recommendation

On June 21, 2002 Mr. Torosian's case file was reviewed for possible release from Service custody.

Mr. Torosian arrived in the United States from Iraq as an immigrant on May 7, 1976. On September 22, 2000, Mr. Torosian received two to four years in prison for a Grand Larceny conviction. This was the subject's fourteenth conviction in the past six years. Mr. Torosian has received convictions for Larceny, Theft, Drugs, and Possession of Burglary Tools and Stolen Property. In the New York probation PSI he was judged as having "a pattern of anti-social behavior", and refused to cooperated or be interviewed.

The subject has not taken advantage of any rehabilitative courses or programs while in State custody. Additionally, Mr. Torosian has not accepted responsibility or shown remorse for his actions.

Mr. Torosian has not provided this writer with any evidence of positive equities in the U.S. that would aid him if he were to be released. The subject has not shown through clear and convincing evidence that he would not pose a threat to the community, or a risk of flight if released.

Therefore, after carefully reviewing Mr. Torosian case file and taking into consideration the above stated facts, this writer recommends that Mr. Torosian remain in Service custody at this time. Additionally, this writer recommends that the subject's case be transferred to the HQPDU unit for further review.

Interviewing Officer: David W. Savina

Date: 6/21/02

[ Detain ]   Release

Reviewed by: James F. Monk

Date: 7/5/02

(Concur)  Do Not Concur

☐ RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐ RELEASE FROM CUSTODY / ORDER OF SUPERVISION UNDER BOND

      Bond Amount: _____

☐ CONTINUE IN CUSTODY / RETAIN CUSTODY DETERMINATION AUTHORITY
FOR AN ADDITIONAL 90 DAYS AFTER REMOVAL PERIOD.

☒ CONTINUE IN CUSTODY / TRANSFER CUSTODY DETERMINATION
AUTHORITY TO HQ PDU.

Comments (attach additional sheet(s) if necessary):



INS District Office:     Phila PA

Signature of District Director:
or of District Director's Designee     Date: 7/9/02

     JPSallemi IAMM
     (Printed Name & Title)

## *HEADQUARTER'S REVIEW OF CONTINUED DETENTION*

| Reviewing Officers | Concur | Reconsider | Date |
|---|---|---|---|
| (Name, Title, Signature) | | | |
| (Name, Title, Signature) | | | |
| (Name, Title, Signature) | | | |

For comments, please refer to the "Headquarters Post Order Custody Review" form.



**U.S. Department of Justice**
Immigration and Naturalization Service

*1600 Callowhill Street*
*Philadelphia, PA 19608*

Vrej Ohannes TOROSIAN                                    A#35 345 047
C/O Berks County Correctional Facility
1287 County Welfare Road
Leeport, PA. 19533

## Notice to Alien of File Custody Review

You are detained in the custody of the Immigration and Naturalization Service (INS) and you are required to cooperate with the INS in effecting your removal from the United States. If the INS has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days) of either: 1) your entering INS custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in INS custody, the INS District Director will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you will not pose a danger to the community and will not present a flight risk.

Your custody status will be reviewed on or about: **( June 21, 2002 )**. The District Director may consider, but is not limited to considering the following:

1. Criminal convictions and criminal conduct;
2. Other criminal and immigration history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Cooperation in obtaining your travel document.
10. Any available mental health reports.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf. The district director will notify you of the decision in your case. Attached to this notice a list of free or low cost legal representatives who may be able to provide assistance to you in preparing your case.

U.S. Department of Justice
**Immigration and Naturalization Service**
Attn:   Deportation Officer
1287 County Welfare Road
Leesport, PA. 19533

---

## METHOD OF SERVICE

I certify that this form was provided to the alien by:                    (Hand)              (Institution Mail)
( ) CC. Attorney of Record or Designated Representative
( ) CC: A-file

_____        *David Savides*          4/3/02
Signature of Officer                                 Print Name of Officer                    Date
(Final 10/18/99)

3

# NEW YORK STATE SUPREME COURT
## Queens County, Part K-5



## SENTENCE & COMMITMENT

| THE PEOPLE OF THE STATE OF NEW YORK VS. | |
|---|---|
| Vrej, Torosian | Ind. No: 3817-99 |
| | Date: 11-29-00 |
| | Hon: D. Lewis |
| | Justice. |
| | Court Reporter: B. Tabinsky |

| SEX | DOB | NYSID NUMBER |
|---|---|---|
| M | 8/23/59 | 5 0 4 4 8 0 4 0 |

The defendant having been
- [✓] convicted of the crime(s) of:
- [ ] adjudicated a Youthful Offender:

It is the Judgment of the Court that the defendant be and hereby is sentenced to
- [✓] an indeterminate term of imprisonment which shall have a:
- [ ] definite term of imprisonment of:
- [ ] determinate term of imprisonment of:
  (specify days, mos. or yr.)

| Pl Sec. | crime(s) | min term (yrs) | max term (yrs) | |
|---|---|---|---|---|
| 16545 | CPSP4° | 2 | 4 | one year |
| 165.05(01) | Unauthorized use of vehicle 3° | 0 | 1 | |

RECEIVED

as a
- [✓] second felony offender
- [ ] persistent felony offender
- [ ] juvenile Offender — date crime committed
- [ ] violent felony offender with prior nonviolent felony offense

- [ ] second violent felony offender
- [ ] persistent violent felony offender   DEC 0 7 2000
ULSTER C.F.

and/or
- [ ] pay a fine of $ _____ or serve a term of _____ days
and that this sentence shall run concurrent with 100/2000 and eachother
consecutive to _____

The defendant shall pay:
- [✓] a surcharge of $ 150 or serve a term of _____ days   [✓] from inmate funds
- [✓] a Crime Victim Assistance Fee of $ 5   [ ] from inmate funds

The defendant is hereby committed to the custody of the New York City Department of Correction to be delivered to:
- [✓] New York State Department of Correctional Services until released according to law.
- [ ] New York City Correctional Institution for Men/Women until released according to law.
- [ ] New York State Division for Youth to be housed in a secure facility until released according to law.
- [ ] Court directs sentence to be executed as a sentence of Parole Supervision.

Defendant's home address: 36-09 32nd St LIC N.Y. 11101
(number & street) (city, state, zip)

REMARKS: _____

| Hon. Gloria D'Amico | by | a true extract from the minutes: Caroline Ellis | (print name) |
|---|---|---|---|
| Clerk of the Court | | C-Ellis | (signature) |
| | | Court Clerk | |

WHITE - CORRECTIONS    CANARY - COURT FILE    PINK - BOARD OF ELECTIONS (IF APPLICABLE)    SC-CR5 REV. 9-95



**SENTENCE & COMMITMENT**

| THE PEOPLE OF THE STATE OF NEW YORK | | | | | | | | VS. |
|---|---|---|---|---|---|---|---|---|

VREJ TOROSIAN

Ind. No: 100-2000

Date: 11-29-00

Hon: D. Lewis
_Justice._

Court Reporter: C. Tabinsky

| SEX | DOB | NYSID NUMBER |
|---|---|---|
| M | 8/23/59 | 5 0 4 4 8 0 4 0 |

The defendant having been
☑ convicted of the crime(s) of:
☐ adjudicated a Youthful Offender:

It is the Judgment of the Court that the defendant be and hereby is sentenced to
☐ an indeterminate term of imprisonment which shall have a:
☐ definite term of imprisonment of:
☐ determinate term of imprisonment of:
(specify days, mos. or yr.)

| Pl Sec. | crime(s) | min term (yrs) | max term (yrs) | |
|---|---|---|---|---|
| 155:30 | G.L.4° | 2 | 4 | |
| 165.45 | CPSP 4° | 2 | 4 | |
| 165.40 | CPSP 5° | | | One year |

as a
☑ second felony offender
☐ persistent felony offender
☐ juvenile offender — date crime committed _____
☐ violent felony offender with prior nonviolent felony offense

☐ second violent felony offender
☐ persistent violent felony offender

RECEIVED
DEC 07 2000
ULSTER C.F.

and/or
☐ pay a fine of $ _____ or serve a term of _____ days
and that this sentence shall run concurrent with 3817-99 and eachother
consecutive to _____

The defendant shall pay:
☑ a surcharge of $ 150 or serve a term of _____ days ☑ from inmate funds
☑ a Crime Victim Assistance Fee of $ 5 _____ days ☑ from inmate funds

The defendant is hereby committed to the custody of the New York City Department of Correction to be delivered to:
☑ New York State Department of Correctional Services until released according to law.
☐ New York City Correctional Institution for Men/Women until released according to law.
☐ New York State Division for Youth to be housed in a secure facility until released according to law.
☐ Court directs sentence to be executed as a sentence of Parole Supervision.

Defendant's home address: 36-09 32nd St L.I.C. N.Y. 11101
_(number & street)_ _(city, state, zip)_

REMARKS: _____

Hon. Gloria D'Amico
Clerk of the Court     by _____ Caroline Ellis
_a true copy from the minutes_     (print name)
C. Ellis
Court Clerk     (signature)

WHITE - CORRECTIONS     CANARY - COURT FILE     PINK - BOARD OF ELECTIONS (IF APPLICABLE)
SC-CR5 REV. 9-95

# NEW YORK CITY DEPARTMENT OF PROBATION
## PRE-SENTENCE INVESTIGATION

00R728j

| Probation Case # QS00-03147 | Indictment/ | SUPREME Court | QUEENS County |
| QS00-03450 | Docket# 1: 3817-99 | | |
| Investigating P.O. | 2: 0100-00 | NYSID #: 5044804? | FBI #: 942218LA8 |
| JULIAN GOLDSMITH | | | |

## A. PERSONAL INFORMATION

| Name (Last, First, Middle, Maiden) | AKA TOROSIAN, BERG; TOROGIAN, FRANK TOROSIAN |
|---|---|
| TOROSIAN, VREJ | FRANK; TOROSIAN, UREG; TOROSIAN, VRES |

| Present Address (indicate Apt. # or P.H.) | Telephone # |
|---|---|
| 36-09 32ND STREET, LONG ISLAND CITY, N.Y. 11101 | NONE |

| Birthdate | Place of Birth | Citizenship |
|---|---|---|
| 8/23/59 | LEBANON | U.S.A. |

| Marital Status | Lives With | Sex | Race | Ethnicity |
|---|---|---|---|---|
| DIVORCED | N/A | MALE | WHITE | |

| Height | Weight | I.C. Marks | Social Security # |
|---|---|---|---|
| 5'9" | 160 | | 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 |

## B. PRESENT COURT PROCEEDING

| Judge/Part: HONORABLE DANIEL LEWIS / K-5 | Assistant District Attorney: WRIGHT |
|---|---|

| Counsel's Name/Address: ZARO 123-33 83RD AVENUE, KEW GARDENS, N.Y. 11415 | Defendant's Status at Interview: |
|---|---|
| | Custody X   Liberty |

| Offense Date: | Arrest Date: | Conviction Date: | Scheduled Sentence Date: |
|---|---|---|---|
| 1: | 1: | | |
| 12/27/99 - 1/9/00 | 12/27/99 - 1/9/00 | 8/15/00 - 9/22/00 | 11/29/00 |

| Indictment/Information Charges: GRAND LARCENY 4°, CRIMINAL POSSESSION OF STOLEN PROPERTY 4°, UNAUTHORIZED USE OR MOTOR VEHICLE 3° (3817-99) CRIMINAL POSSESSION OF STOLEN PROPERTY 4° (0100-00) |
|---|

| Final Charge (Plea): CRIMINAL POSSESSION OF A STOLEN PROPERTY 4°, UNAUTHORIZED USE OF MOTOR VEHICLE 3° (3817-99) GRAND LARCENY 4°, CRIMINAL POSSESSION OF STOLEN PROPERTY 4°, C.P.S.P. 5° (0100-00) |
|---|

| Co-Defendant(s) Name(s) | | Co-Defendant(s) NYSID # | | Co-Defendant(s) Case Status |
|---|---|---|---|---|
| | | | | |

## C. LEGAL INFORMATION

| Other Pending Charges/Warrants | X No | _ Yes | ——————— See Attached Criminal History |
|---|---|---|---|
| Prior Convictions | X Fel | X Misd | |
| Predicate Felon? | _ No | X Yes | ——————— See Attached Criminal History |
| Current Probation/Parole Supervision | X No | _ Yes | |
| Prior Probation/Parole Violation | _ No | X Yes  If Yes  _ Pending  X Completed | |
| Prior History of Absconding/Escape from Institution/Court | X No | _ Yes | |
| Prior History of Bench Warrant | _ No | X Yes | |
| History of Violence/Weapons Use | X No | _ Yes | |

| Youthful Offender | | Juvenile Offender  _ Yes  X No |
|---|---|---|
| Eligible | _ Yes  X No | |
| Required | _ Yes  X No | Prior P.S.I. Attached  X Yes  _ No |
| Birthdate Verified | _ Yes  X No | |
| Y.O. Recommended | _ Yes  X No | |

| Disposition: | Date: |
|---|---|

Form No. 321 - M/S

UPDATE:

The defendant last appeared in Court on 10/31/00 before Your Honor at which time, the case was further adjourned to 11/29/00 in order for this Department to complete out investigation in light of the defendant's refusal to cooperate and be interviewed. An attempt was made once again to interview the defendant on 11/16/00, however, he did refuse to cooperate. A signed Department of Corrections refusal slip is in the case folder. While it was noted in the prior pre-sentence investigation reports that the defendant was "not produced" by the Department of Correction on 10/4/00 and 10/12/00, further follow up with that Department has revealed that the defendant did, on those dates, also refuse to be interviewed. Please note again that the defendant also refused to cooperate on 8/18/00 when he was placed on recall to the PENS for the very first time. In light of Vrej Torosian's refusal to cooperate with this Department, we have been unable to obtain a defendant's statement nor have we been able to gain any information in regard to his current social circumstances.

Prepared by: _SA for Julian Goldsmith_
                Julian Goldsmith
                Probation Officer

Reviewed by: _Stephanie Albright_
                Stephanie Albright
                Supervising Probation Officer

Submitted by: _Sheryl Goldman_
                Branch Chief

Probation Case # QS00-03147    Indictment/Docket#    SUPREME Court    QUEENS County

       3817/99    NYSID #: 5044804Q    FBI #: 942217LA8

Investigating P.O.
JULIAN GOLDSMITH

### A. PERSONAL INFORMATION

| Name (Last, First, Middle, Maiden) | AKA TOROSIAN VREG; TOROSIAN, VRES TOROSIN FRANK; TOROGIAN, FRANK; TOROSIAN, LIREJ, |
|---|---|
| TOROSIAN, VREJ | |

| Present Address (indicate Apt. # or P.H.) | Telephone # |
|---|---|
| 36-09 32ND STREET, LONG ISLAND CITY, N.Y. 11101 | NONE |

| Birthdate | Place of Birth | Citizenship |
|---|---|---|
| 8/23/59 | LEBANON | U.S.A. |

| Marital Status | Lives With | Sex | Race | Ethnicity |
|---|---|---|---|---|
| DIVORCED | N/A | MALE | WHITE | |

| Height | Weight | I.D. Marks | Social Security # |
|---|---|---|---|
| 5'9" | 160 | | 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 |

### B. PRESENT COURT PROCEEDING

| Judge/Part: HONORABLE DANIEL LEWIS, K-5 | Assistant District Attorney: WRIGHT |
|---|---|

| Counsel's Name/Address: ZARO 123-33 83RD AVENUE, KEW GARDENS, SUITE B, 11415 | Defendant's Status at Interview: |
|---|---|
| | Custody X   Liberty |

| Offense Date: | Arrest Date: | Conviction Date: | Scheduled Sentence Date: |
|---|---|---|---|
| 12/27/99 | 12/27/99 | 8/15/00 | 9/22/00 |

Indictment/Information Charges: GRAND LARCENY 4°, CRIMINAL POSSESSION OF STOLEN PROPERTY 4°, UNAUTHORIZED USE OF MOTOR VEHICLE 3°

Final Charge (Plea): CRIMINAL POSSESSION OF STOLEN PROPERTY 4°, UNAUTHORIZED USE OF VEHICLE 3°

| Co-Defendant(s) Name(s) | | Co-Defendant(s) NYSID # | | Co-Defendant(s) Case Status |
|---|---|---|---|---|
| | | | | |

### C. LEGAL INFORMATION



| | No | Yes | |
|---|---|---|---|
| Other Pending Charges/Warrants | _ No | _ Yes | See Attached Criminal History |
| Prior Convictions | _ Fel | X Misd | |
| Predicate Felon? | _ No | _ Yes | See Attached Criminal History |
| Current Probation/Parole Supervision | _ No | _ Yes | |
| Prior Probation/Parole Violation | _ No | _ Yes If Yes _ Pending _ Completed |
| Prior History of Absconding/Escape from Institution/Court | X No | _ Yes | |
| Prior History of Bench Warrant | _ No | X Yes | |
| History of Violence/Weapons Use | _ No | _ Yes | |

| Youthful Offender | | Juvenile Offender _ Yes _ No |
|---|---|---|
| Eligible | _ Yes X No | |
| Required | _ Yes X No | Prior P.S.I. Attached _ Yes _ No |
| Birthdate Verified | _ Yes X No | |
| Y.O. Recommended | _ Yes X No | |

Disposition:            Date:

Form No. 321 - ME

## D. PRESENT OFFENSE

_ Defendant was interviewed on:

_ Defendant was not interviewed.

    _ failure of corrections to produce

    X defendant refused to be interviewed 8/18/00

    _ defendant failed to appear for interview

**Description:**

Complainant:

KHEDR KHAED.

ON DECEMBER 27, 1999, AT APPROXIMATELY 5:00 P.M., AT 25-09 31ST AVENUE IN LONG ISLAND CITY, QUEENS, THE DEFENDANT WAS OBSERVED BY THE COMPLAINANT ENTERING HIS VEHICLE. ATTEMPTING TO STOP THE VEHICLE, THE COMPLAINANT INFORMED THE DEFENDANT THAT HE HAD SUMMONED THE POLICE. TH MOTOR VEHICLE HAD BEEN RECOVERED BEFORE THE POLICE ALARM WAS TRANSMITTED.

**Summary of Defendant's Statement:**

AN ATTEMPT WAS MADE TO INTERVIEW THE DEFENDANT ON 8/18/00, THE DEFENDANT REFUSING TO COOPERATE AND BE INTERVIEWED.

**Victim Impact Statement:**

IN SPEAKING WITH KHAED KHEDR, HE INDICATED THAT THE IGNITION TO HIS CAR WAS DAMAGED. HE STATEI THAT HE LEAVES THE DISCRETION OF THE SENTENCING TO THE COURTS.

**Analysis of Offense and Criminal History**

AN ANALYSIS OF THE OFFENSE CANNOT BEEN MADE, IN LIGHT OF THE DEFENDANT REFUSE OF COOPERATE AN BE INTERVIEWED. ACCORDING TO AN UPDATED FINGERPRINT SHEET, THE DEFENDANT'S ARREST RECORD IS EXTENSIVE THE NATURE OF THE DEFENDANT'S PRIOR ARREST BEARING A SIMILARITY TO THE INSTANT OFFENS INDICATING A PATTERN OF ANTI-SOCIAL BEHAVIOR.

## E. SOCIAL HISTORY SUMMARY

### I. Family Members: DEFENDANT REFUSED TO BE INTERVIEWED

| Names | Relationship | Address | Telephone |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Family Members Currently Incarcerated in State Correctional Facility:**  _ No  _ Yes

**Name of Family Member(s):**   1.                          2.

**Name of Institution(s):**   1.                          2.

**Significant Other or Family Member**

| Name (Last, First) | Relationship | Address | Telephone |
|---|---|---|---|
| UNKNOWN |  |  |  |

### II. Education:

| Highest Grade Completed: UNKNOWN | Name of Current School: |
|---|---|
| Currently Enrolled:  _ No  _ Yes | Address: |
| Learning/Developmentally Disabled:  _ No  _ Yes |  |

### III.   A.   Primary Language: UNKNOWN

Communicates in English:        _ No  _ Yes

#### B.   Age of Defendant Determined by;        (Check all that apply)

| | |
|---|---|
| _ Defendant's Statement | _ Prior Probation Report |
| _ Birth Certificate | _ Court Papers |
| _ CJA Report | _ NYSID |
| _ Family Member | _ Other (Describe). |

### IV.   Employment: UNKNOWN

| Last Date Worked | Length of Employment | Position/Salary |
|---|---|---|
| Employer Name |  | Employer Address |

Nature of Employment History:

_ Stable                              _ Sporadic                              _ Non

| Longest Period of Employment | | |
|---|---|---|
| From: | To: | Position: |
| Trade/Vocational Skill(s): | | |

V.  **Military History:** _ No    _ Yes    Service Branch:    UNKNOWN

Discharge:    _ Honorable    _ Other        Year of Discharge:

VI.  **A.  Physical Health:** _ Good        _ Problems

Describe significant problems, i.e. diagnosis if known, current medication or need for medication. Is medical assessment indicated?
UNKNOWN, DEFENDANT REFUSED TO BE INTERVIEWED.

**B.  Substance Abuse**

| | Drugs | Alcohol |
|---|---|---|
| Used at Offense | _ Yes _ No | _ Yes _ No |
| List Drugs Used | | |
| Length of Present Use | | |
| History of Abuse | _ Yes _ No | _ Yes _ No |
| Age of Onset | | |
| Longest Period of Abstinence | | |
| In Treatment at Time of Offense | _ Yes _ No | _ Yes _ No |
| Program Name/Type (Out;Res) | | |
| Prior Treatment Involvement | _ Yes _ No | _ Yes _ No |
| Program Name/Type (Out;Res) | | |

* An asterisk indicates the drug of choice.

**VII.  Mental Health UNKNOWN**

| | | |
|---|---|---|
| Psychiatric History | _ No | _ Yes |
| Diagnosis and Source: | | |
| In Treatment At Arrest<br>If YES, Name of Hospital/Program: | _ No | _ Yes |
| On Medication At Arrest<br>If YES, Name of Medication: | _ No | _ Yes |
| Suicide Attempts | _ No | _ Yes |
| Suicidal Wish or Threats | _ No | _ Yes |
| History of Violence | _ No | _ Yes |
| History of Hospitalization<br>If YES, name of hospital: | _ No | _ Yes |
| Need for Assessment/Treatment/Medication (Give Details): | | |

## F. EVALUATIVE ANALYSIS

FOR DETAILS OF THE DEFENDANT'S BACKGROUND PLEASE SEE THE ATTACHED PROBATION CASE QS97-01754. AS STATED ABOVE, THE DEFENDANT FAILED TO COOPERATE AND BE INTERVIEWED BY THE PROBATION DEPARTMENT. ACCORDING TO AN UPDATED FINGERPRINT SHEET, THE DEFENDANT'S ARREST RECORD IS EXTENSIVE THE NATURE OF THE DEFENDANT'S PRIOR ARREST BEARING A SIMILARITY TO THE INSTANT OFFENS INDICATING A PATTERN OF ANTI-SOCIAL BEHAVIOR.

| PREPARED BY: | | REVIEWED BY: | |
|---|---|---|---|
| JULIAN GOLDSMITH | Date | STEPHANIE ALBRIGHT | Da |
| | | SUBMITTED BY: | |
| | | SHERYL GOLDMAN | Da |

JG:PW     9/22/00

# NEW YORK CITY DEPARTMENT OF PROBATION
# PRE-SENTENCE INVESTIGATION

Probation Case # QS00-03450    Indictment/    100/00    SUPREME Court    QUEENS County
    Docket#

Investigating P.O. JULIAN               NYSID #: 5044804Q    FBI #: 942218LA8
GOLDSMITH

| PRIVILEGED AND CONFIDENTIAL | A. PERSONAL INFORMATION |
|---|---|

**Name (Last, First, Middle, Maiden)**
TOROSIAN, VREJ

AKA TOROSIAN, VREJ; TORGIAN, FRANK; TOROSIAN, FRANK; TOROSIAN, VREG; TORSIAN, VRES.

**Present Address (Indicate Apt. # or P.H.)**
36-09 32ND ST., ASTORIA, NY 11101

**Telephone #**
N/A

| **Birthdate** | **Place of Birth** | **Citizenship** |
|---|---|---|
| 8/23/59 | LEBANON | U.S.A. |

| **Marital Status** | **Lives With** | **Sex** | **Race** | **Ethnicity** |
|---|---|---|---|---|
| D | SELF | M | W | |

| **Height** | **Weight** | **I.D. Marks** | **Social Security #** |
|---|---|---|---|
| 5'8" | 170 | | 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 |

| B. PRESENT COURT PROCEEDING |
|---|

| **Judge/Part:** LEWIS K-5 | **Assistant District Attorney:** WRIGHT |
|---|---|

**Counsel's Name/Address:** ZARO
123-33 83RD AVENUE 575-9890

**Defendant's Status at Interview:**
Custody    X    Liberty

| **Offense Date:** 1/9/00 | **Arrest Date:** 1/9/00 | **Conviction Date:** 9/22/00 | **Scheduled Sentence Date:** 10/31/00 |
|---|---|---|---|

**Indictment/Information Charges:** C.P.S.P. IV

**Final Charge (Top):** GRAND LARCENY IV; CRIMINAL POSSESSION STOLEN PROPERTY IV; CRIMINAL POSSESSION STOLEN PROPERTY V

| **Co-Defendant(s) Name(s)** | **Co-Defendant(s) NYSID #** | **Co-Defendant(s) Case Status** |
|---|---|---|
| | | |

| C. LEGAL INFORMATION |
|---|

| | No | Yes | |
|---|---|---|---|
| Other Pending Charges/Warrants | _ No | _ Yes | ——See–Attached Criminal History |
| Prior Convictions | X Fel | X Misd | |
| Predicate Felon? | _ No | X Yes | ——See–Attached Criminal History |
| Current Probation/Parole Supervision | X No | _ Yes | |
| Prior Probation/Parole Violation | _ No | X Yes   If Yes   _ Pending   X Completed |
| Prior History of Absconding/Escape | | | |
| from Institution/Court | X No | _ Yes | |
| Prior History of Bench Warrant | _ No | X Yes | |
| History of Violence/Weapons Use | X No | _ Yes | |

| **Youthful Offender** | | **Juvenile Offender** | _ Yes   X No |
|---|---|---|---|
| Eligible | _ Yes   X No | | |
| Required | _ Yes   X No | **Prior P.S.I. Attached**   X Yes   _ No |
| Birthdate Verified | _ Yes   X No | |
| Y.O. Recommended | _ Yes   X No | |

**Disposition:**              **Date:**

Form No. 325 MIS

## D. PRESENT OFFENSE

_ Defendant was interviewed on:

 X  Defendant was not interviewed.

   X  failure of corrections to produce  10/4; 10/12

  _ defendant refused to be interviewed

  _ defendant failed to appear for interview

**Description:**

Complainant:  SAMIR BADDOUR

ON OR ABOUT 1/9/00 AT APPROXIMATELY 11:45 A.M. AT THE CORNER OF 37TH AVENUE AND 30TH STREET. ASTORIA, QUEENS, THE DEFENDANT STOLE TWO CREDIT CARDS AND TOOLS FROM THE COMPLAINANT. WITHOUT HIS PERMISSION OR AUTHORITY.

THE DEFENDANT'S APPREHENSION CAME ABOUT THE RESULT OF A PASSER-BY OBSERVING THE DEFENDAN? WALKING AWAY FROM A 1989 MOTOR VEHICLE FROM WHICH WAS TAKEN CREDIT CARDS AND TOOLS. THEY BELONGED TO THE COMPLAINANT.

**Summary of Defendant's Statement:**

TWO ATTEMPTS WERE MADE TO INTERVIEW THE DEFENDANT. ON THE COURT ORDER FOR INVESTIGATION REPORT IT INDICATES THAT AN ARMENIAN INTERPRETER IS NEEDED. AN ARMENIAN INTERPRETER WAS REQUESTED FOR 10/4/00. HOWEVER, ON THAT DAY, THE INTERPRETER PROVIDED DID NOT SPEAK THE LANGUAGE AND AS SUCH, COULD NOT ASSIST IN THE INTERVIEW PROCESS. HOWEVER, IT DIDN'T MATTER, BECAUSE THE DEFENDANT WAS NOT PRODUCED BY THE DEPT. OF CORRECTIONS ON THAT DATE. A SECONI ATTEMPT WAS MADE TO INTERVIEW THE DEFENDANT ON 10/12/00 WITH THE HOPE THAT THE DEFENDANT SPOKE ENGLISH ON THE BASIS THAT A PRIOR PROBATION INVESTIGATION CONDUCTED INDICATED THAT TH DEFENDANT DID IN FACT SPEAK ENGLISH. THE SECOND ATTEMPT ON 10/12/00 WAS UNSUCCESSFUL AS WEL DESPITE THE FACT THAT ALL IDENTIFYING INFORMATION INCLUDING WHERE HE WAS HOUSED, AS WELL AS HIS BOOK AND CASE NUMBER, NO. 441-00-00874, WAS PROVIDED.

**Victim Impact Statement:**

AS OF THIS DATE, WE HAVE BEEN UNABLE TO OBTAIN A VICTIM IMPACT STATEMENT.

**Analysis of Current Offense and Legal History:**

AN ANALYSIS OF THE OFFENSE CANNOT BE MADE, IN LIGHT OF THE DEFENDANT NOT BEING AVAILABLE FOF PROBATION INVESTIGATION.

ACCORDING TO AN UPDATED FINGERPRINT SHEET, THE DEFENDANT'S ARREST RECORD IS EXTENSIVE.

## D. PRESENT OFFENSE (Continued)

**Analysis of Current Offense and Legal History:**
THE NATURE OF THE DEFENDANT'S PRIOR ARRESTS BEING A SIMILARITY TO THE INSTANT OFFENSE,
INDICATING A PATTERN OF ANTI-SOCIAL BEHAVIOR.

THE COURT SHOULD TAKE NOTE OF THE FACT THAT THE DEFENDANT UNDER IND. # 1134/97 IN QUEENS
SUPREME COURT RECEIVED 5 YEARS PROBATION AFTER PLEADING GUILTY TO CRIMINAL POSSESSION
STOLEN PROPERTY IV. THE DEFENDANT'S ADJUSTMENT TO PROBATION WAS LESS THAN SATISFACTORY. AS
RESULT OF A REVOCATION OFFENSE AND AS SUCH HIS PROBATION WAS DISCHARGED ON 4/6/98. HE WAS
RESENTENCED TO ONE YEAR ON THAT DATE.

## E. SOCIAL HISTORY SUMMARY

### I. Family Members:

| Names | Relationship | Address | Telephone |
|-------|--------------|---------|-----------|
|       |              |         |           |
|       |              |         |           |
|       |              |         |           |
|       |              |         |           |
|       |              |         |           |
|       |              |         |           |

Family Members Currently Incarcerated in State Correctional Facility:  _ No _ Yes

Name of Family Member(s):   1.                    2.

Name of Institution(s):   1.                    2.

Significant Other or Family Member

| Name (Last, First) | Relationship | Address | Telephone |
|--------------------|--------------|---------|-----------|
|                    |              |         |           |

### II. Education:

| Highest Grade Completed: | Name of Current School: |
|---------------------------|--------------------------|
| Currently Enrolled:      _ No _ Yes | Address: |
| Learning/Developmentally Disabled:  _ No _ Yes | |

### III. A. Primary Language: _____

Communicates in English:   _ No _ Yes

#### B. Age of Defendant Determined by:   (Check all that apply)

| | |
|---|---|
| _ Defendant's Statement | _ Prior Probation Report |
| _ Birth Certificate | _ Court Papers |
| _ CJA Report | _ NYSID |
| _ Family Member | _ Other (Describe) _ |

### IV. Employment:

| Last Date Worked | Length of Employment | Position/Salary |
|------------------|----------------------|-----------------|
| Employer Name | Employer Address | |
| Nature of Employment History: | | |

_ Stable                    _ Sporadic                    _ No

| Longest Period of Employment | | |
|---|---|---|
| From: | To: | Position: |

Trade/Vocational Skill(s):

**V. Military History:** _ No _ Yes  Service Branch: _____

Discharge: _ Honorable _ Other    Year of Discharge:

**VI. A. Physical Health:** _ Good _ Problems

Describe significant problems, i.e: diagnosis if known, current medication or need for medication. Is medical assessment indicated?

### B. Substance Abuse

| | Drugs | Alcohol |
|---|---|---|
| Used at Offense | _ Yes _ No | _ Yes _ No |
| List Drugs Used | | |
| Length of Present Use | | |
| History of Abuse | _ Yes _ No | _ Yes _ No |
| Age of Onset | | |
| Longest Period of Abstinence | * | |
| In Treatment at Time of Offense | _ Yes _ No | _ Yes _ No |
| Program Name/Type (Out:Res) | | |
| Prior Treatment Involvement | _ Yes _ No | _ Yes _ No |
| Program Name/Type (Out:Res) | | |

* An asterisk indicates the drug of choice.

### VII. Mental Health

| | | |
|---|---|---|
| Psychiatric History | | _ No _ Yes |
| Diagnosis and Source: | | |
| In Treatment At Arrest<br>If YES. Name of Hospital/Program: | | _ No _ Yes |
| On Medication At Arrest<br>If YES. Name of Medication: | | _ No _ Yes |
| Suicide Attempts | | _ No _ Yes |
| Suicidal Wish or Threats | | _ No _ Yes |
| History of Violence | | _ No _ Yes |
| History of Hospitalization<br>If YES. name of hospital: | | _ No _ Yes |
| Need for Assessment/Treatment/Medication (Give Details): | | |

## F. EVALUATIVE ANALYSIS

FOR BACKGROUND INFORMATION ON THE DEFENDANT, PLEASE SEE CASE NUMBER QS97-01754.

AS STATED ABOVE, THE DEFENDANT WAS UNAVAILABLE FOR PROBATION INVESTIGATION, NOT BEING PRODUCED BY THE DEPT. OF CORRECTIONS FOR UNKNOWN REASONS.

ACCORDING TO AN UPDATED FINGERPRINT SHEET, THE DEFENDANT'S ARREST RECORD IS EXTENSIVE, T NATURE OF THE DEFENDANT'S PRIOR ARRESTS BEARING A SIMILARITY TO THE INSTANT OFFENSE, INDICATING A PATTERN OF ANTI-SOCIAL BEHAVIOR.

PREPARED BY: _A. A. for Julian Goldsmith_ 10/30     REVIEWED BY: _Stephanie Albright_ 10/3
           JULIAN GOLDSMITH        Date         STEPHANIE ALBRIGHT     D

SUBMITTED BY: _____

                                      SHERYL GOLDMAN     D

JG:EM
10/31/00

4

File No. A 35 345 047                    November 27, 2001

In the Matter of

VREJ OHANNES TOROSIAN,           )        IN REMOVAL PROCEEDINGS
                                 )
          Respondent             )


CHARGE:        237(a)(2)(A)(iii) of the Immigration Act.

APPLICATION:   Deferral of removal only, under Article III of the
               U.N. Convention Against Torture.


ON BEHALF OF RESPONDENT:        ON BEHALF OF SERVICE:

Pro se                          Pamela Lee Abisalle, Esquire
                                Trial Attorney


### ORAL DECISION OF THE IMMIGRATION JUDGE

The respondent in this case is a 41-year-old, divorced
male, who is a citizen and national of the country of Iraq.    He
was admitted to this country in New York City, New York on May 7,
1976 as a lawful permanent resident.

Since arriving in this country, he was convicted of a
lot more crimes than I'm going to read off, but the ones that are
charged on the Notice to Appear are the convictions I will be
reading.  He was convicted of grand larceny in the fourth degree,
in violation of Section 155.30 of the New York State Penal Law.

This judgment was entered around November 29, 2000 in the Supreme Court, State of New York, County of Queens, under Indictment Number 100-2000. The respondent received two to four years for that in the New York State Prison. He was also convicted on the same date, in the same court, under the same indictment, of criminal possession of stolen property in the fourth degree. This time in violation of 165.45 of the New York State Penal Law, and he received a two to four year sentence for that. At the same hearing, on November 29, 2000, in the same court in Queens County, under the same indictment, he was convicted of criminal possession of stolen property in the fifth degree, in violation of Section 165.40 of the New York State Penal Law, and for this conviction, he received a one-year sentence in New York State Prison. None of those convictions are on appeal. Therefore, they are final for immigration purposes.

On the 31st of January of 2001, a Notice to Appear was issued in this case to charge this respondent with removability under the above provision of the Immigration and Nationality Act. Page two of Exhibit 1 indicates this respondent was actually served by regular mail on the 16th of February of 2001 with a copy of the Notice to Appear, and he has lodged no challenge to the jurisdiction of this Court.

The respondent in this case has appeared without counsel. Under oath, and without counsel, he has admitted each and every one of the allegations, one, two, three, four, five,

six and seven, which are all the allegations in the Notice to Appear. Based on his admissions and based on the documents at Exhibit 2 in this record of proceeding, the Court finds that the respondent is an alien from Iraq, and he has been convicted of several aggravated felonies, and he may be removed from this country and deported under 227(a)(2)(A)(iii), and that alien is, and removability in his case have been established by clear and convincing evidence.

The respondent first came to this Court on the 17th of April 2001, after being fully advised by this Court of his right to have counsel at his own expense. He was given an adjournment until May 22nd, to get an attorney. He came back. He had no lawyer. He asked for, and was given another six weeks, until July 10th, to get an attorney. He came back on July 10th with no attorney. He was given yet a third adjournment of another six weeks, more than six weeks this time, until August 28th, to get himself an attorney. He never did get an attorney, even though he had four and a half months to get one, and the Court found that he had had more than a reasonable time to get a lawyer. He failed to do so, and he was required to represent himself without a lawyer.

The respondent in this case has submitted an application for deferral of removal relief, under the Article III of the U.N. Convention Against Torture. That application has been received and marked as Exhibit Number 9 in this case. The

respondent has testified today that he believes that it is more
likely than not that he will be tortured if he returns to his
native country of Iraq.  The Immigration Service has contested
his right for deferral of removal.  The respondent's testimony
today was practically totally devoid of any evidence of any
torture whatsoever, either to his father or to himself, or any
possibility that he will be tortured if he does return to his
native country.  The respondent, in order to get a grant of
relief in this case, under the deferral of removal, Convention
Against Torture, he must show that it is more likely than not
that he will be tortured if he is returned to Iraq, and torture
is described as an extreme form of cruel and inhuman treatment.
It is defined to be any act by which severe pain or suffer,
whether it is physical or mental, is intentionally inflicted on a
person for such purposes as obtaining from him, information or a
confession, or punishing him for an act he has committed or
suspected of committing, when such pain or suffering is inflicted
by or at the instigation of, or with the consent or acquiescence
of a public official, or any other person acting in an official
capacity.  The respondent in this case left the country of Iraq
when he was around 15 years old.  He was never tortured by any
government official.  He says that he was beaten, and his
mother's letter seemed to indicate that too, but she's not here
for cross-examination, and the respondent doesn't really remember
that much.  What he says is, he was age five that he was beaten

by a government official.  That did not rise to the level of
torture, in any event, regardless of whether his mother is here
to testify about it or not.  The only other testimony was, he
says his father, he thinks, was tortured back in 1967, and that
he left himself when he was 15.  He came, the respondent did, and
that they were deported from Iraq in 1968 or 1969.  He indicated
that he has a number of people, family members, in this country.
His mother is in Florida, his father is deceased, a brother in
New Jersey, a brother in Florida, a sister in Florida, and one in
Argentina, a grandmother in California.  That is basically the
extent of his testimony.  The Court has found that the respondent
has not provided sufficient evidence in support of the allegation
that he, himself, would be subjected to torture if he were to
return to his native country of Iraq.  He presented entirely
different circumstances, and the Court has taken into
consideration the fact that the respondent has no witnesses here
today, and if he does fear torture when he does return, he has
failed to prove that to the satisfaction of the Court.  And it
might be a good thing at this time, in this oral decision, to
indicate that the respondent has already had one grant of
withholding of removal, and since this time, he has been found
guilty of a goodly number of crimes in this country, and he has
not shown that it is more likely than not that he would be
tortured upon his return.  He even indicated in his testimony
today that he had seen in the Country Reports of Conditions, and

A 35 345 047                    5            November 27, 2001

that people who were deported to Iraq were tortured. I gave him 10 minutes off the record to find it, and he was unable to do that. So the Court finds that the respondent has had every opportunity to prove his case, and he has failed to satisfy the burden of proof in his application for deferral of removal, since he has not shown that it is more likely than not he would be tortured if returned to Iraq. His deferral of removal application is hereby denied.


JOE D. MILLER
Immigration Judge

I hereby certify that the attached proceeding before JUDGE

JOE D. MILLER, in the matter of:

VREJ OHANNES TOROSIAN

A 34 345 047

Massanautten, New York

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.


_(Patti Destajo, Transcriber)_

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland 20852
(301) 881-3344

December 30, 2001
(Completion Date)

5



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*



*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

TOROSIAN, VREJ
C/O 3400 CONCORD ROAD
YORK, PA 17402-0000

INS-Ulster Correction Facility/UL
Berme Road
Napanoch, NY 12458

Name: TOROSIAN, VREJ                    A35-345-047

Date of this notice: 03/22/2002

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours.

*Lori Scialabba*

Lori Scialabba
Acting Chairman

Enclosure

Panel Members:
    BARTON, ROBERT L.
    HESS, FRED
    OHLSON, KEVIN A.



File:   A35 345 047 - Napanoch                    Date:   MAR 2 2 2002

In re:   VREJ OHANNES TOROSIAN a.k.a. Torosian Vej a.k.a. Vrej O. Torosian a.k.a.
         Vreg Torosian a.k.a. Vres O. Torosiaan a.k.a. Frank Torogian a.k.a. Frank Tdrosian a.k.a.
         Frank Torogian a.k.a. Urej Torosian a.k.a. Frank Torosian a.k.a. Vrej Torosian

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Pro se

ON BEHALF OF SERVICE:  Pamely Abasali
                       Assistant District Counsel

CHARGE:

   Order:   Sec. 237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
            Convicted of aggravated felony

ORDER:

   PER CURIAM.  The appeal is dismissed.  We have reviewed the record of proceedings,
including the respondent's contentions on appeal.  We find the Immigration Judge adequately
andcorrectly addressed the issues presented, and his decision is affirmed based upon and for the
reasons set forth in that decision.  Consequently, we find no error in the Immigration Judge's
decision finding the respondent ineligible for asylum and withholding of removal under sections
208(b)(2)(B)(i) and 241(b)(3)(B)(ii) of the Immigration and Nationality Act, 8 U.S.C.
§§ 1158(b)(2)(B)(i) and 1231(b)(3)(B)(ii), due to his statutory ineligibility in light of his aggravated
felony convictions and the finding that he had not established any basis upon which relief under the
Convention Against Torture could be granted.  In addition, we find no merit in the respondent's
contention that the Immigration Judge erred in denying him an opportunity to retain counsel.  The
hearing was continued on three occasions to provide the respondent time to contact an attorney.  We
are satisfied that the respondent's right to obtain counsel was complied with and that his removal
hearing was fair.  Accordingly, the appeal is dismissed.  The request for oral argument before the
Board is denied.

FOR THE BOARD

6



**U.S. Department of Justice**
**Immigration and Naturalization vice**

Philadelphia District

*1600 Callowhill Street*
*Philadelphia, PA 19608*

Torosian, Vrej Ohannes – A35 345 047
C/O Montgomery County Correctional Facility
60 Eagleville
Norristown, PA. 19403

*July 11, 2002*

### Decision by District Director to Continue Detention
### Upon Expiration of Removal Period

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Naturalization Service (INS) at this time. This decision has been made based on a review of your file and consideration of the information submitted to INS reviewing officials in support of your application for release.

After carefully weighing the factors pertaining to your case, you will not be released from the custody of the INS because:

*You have been arrested and convicted of various offenses for a fourteen-year period. Your last offense for Grand Larceny resulted in a two to four year sentence. You have received disciplinary actions while in State custody. You have displayed a pattern of anti social behavior for which you have not taken any rehabilitative steps to overcome. You have not through clear and convincing evidence proven that you would not pose a threat to the community, or become a* <u>*risk of flight*</u> *if released..*

Control of your custody case will be:

■ Transferred to the INS Headquarters Post Order Detention Unit. Your situation will be reviewed again by that unit within 30 days after it receives the case. They will send a notice to you when they schedule that review. Any material touching on your qualifications for release that you wish to have considered should be submitted to that office. You will find their address at the bottom of the next page.

☐ Maintained at this office for another 90 days. If no travel document is obtained within that period, control will be transferred to the INS Headquarters Post Order Detention Unit. Until that time any inquiries or material that you wish to have considered should be submitted to:

<u>   David W. Savina   </u> at <u>  1287 County Welfare Rd. Leesport, PA 19533  </u>
      (Officer Name)                         (Office Address)

<u>Kenneth J. Elwood by JS</u>                <u>7/12/02</u>
Signature of District Director/Designated Representative        Date
(Page 1 of 2)

---

## PROOF OF SERVICE

(1)    **Personal Service (Officer to complete both (a) and (b) below.)**

        (a)    I _____.
                                *Name & Title of INS Officer*

certify that I served _____ with a copy
                                    *Name of detainee*

of this document at _____ on _____ at _____.
                    *Institution*              *Date*          *Time*

(2)    **Service by certified mail, return receipt. (Attach copy of receipt)**

I <u>David W. Savina – Deportation Officer</u>, certify that I served <u>Vrej Torosian A35 345 047</u>
    *Name & Title of INS Officer*                            *Name of detainee*

Via institutional mail the custodian of records at _____ <u>Montgomery County C.F.</u>
                                        *Institution*

with a copy of this document by certified mail at on <u>07/117/02</u>.
                                    *Date*

(   ) CC: Attorney of Record or Designated Representative
( X ) CC: A-File

ADDRESS FURTHER CORRESPONDENCE TO:
INS Enforcement
801 I St. NW, Suite 801
Washington, D.C. 20536

Attn: Headquarters Post Order Detention Unit

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To

Street, Apt. No. or PO Box No

City, State, ZIP+4

7

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
YORK, PA

FILE: A35-345-047

IN THE MATTER OF:

TOROSIAN, VREJ

RESPONDENT

IN REMOVAL PROCEEDINGS

*Pro se*                ORDER OF THE IMMIGRATION JUDGE
                        WITH RESPECT TO CUSTODY

Request having been made for a change in the custody status of
respondent pursuant to 8 CFR 236.1(c), and full consideration
having been given to the representations of the Immigration and
Naturalization Service and the respondent, it is hereby

_____ ORDERED that the request for a change in custody status be
denied.

_____ ORDERED that the request be granted and that respondent be:

_____ released from custody on his own recognizance

___✓___ released from custody under bond of $ *12,000 -*

_____ OTHER _____

Copy of this decision has been served on the respondent and the
Service.

APPEAL:  waived / reserved    4-4-02

YORK -- YORK COUNTY PRISON

Date:

                    WALTER A. DURLING
                    Immigration Judge
                    march 5, 2002

SGL

IN THE MATTER OF ___Vrej Torosian_____

A # ___35-345-047_____

DATE OF REDETERMINATION ___3/5/02_____

DECISION ___$12,000_____

On Behalf of Respondent

On Behalf of Service

Pro Se

## BOND REDETERMINATION MEMORANDUM

In a recent decision by the United States Court of Appeals for the Third Circuit in <u>Patel v. Zemski</u>, 275 F.3d 299 (3rd Cir.), the court found that the mandatory custody rules set forth in section 236(c) of the Immigration and Naturalization Act were unconstitutional to the extent that aliens, and particularly lawful permanent residents, are not permitted to establish that they are not a flight risk or danger to the community. That is, even those aliens with a criminal record are entitled to a substantive bond hearing. Thus, all Board decisions relating to the mandatory custody provisions of section 236(c) have been effectively overruled by the Third Circuit.

I have duly considered the standard of review as set forth in <u>Matter of Andrade</u>, 19 I&N Dec. 488 (BIA 1987). In so doing, I have taken particular note of the Third Circuit's observation in <u>Patel</u> that "government detention violates substantive due process unless it is ordered in...special and narrow non-punitive circumstances...where a special justification...outweighs the individual's constitutionally protected interest in avoiding physical restraint," *citing* <u>Zadvydas v. Davis</u>, 121 S.Ct. 2491 at 2499 (2001).

1. General Information

Nativity ___Iraq_____

Citizenship _____

Age ___42_____

Lawful permanent resident? ___Yes since 1976_____

Other lawful entry? _____

2. Factors indicating dangerousness
      ✓ a. Criminal conviction
          ✓i. Referenced in Order to Show Cause or Notice to Appear
             a. Sentence _____
             b. Time served _____
             c. Comments _____
               _Ordered removed on Grand Larceny 4ᵗʰ Deg. +_
               _Criminal possession of stolen property — 11/27/00_

          ✓ ii. Other (Specify) _____
               _multiple convictions_
               _( illegal vehicle possession — conditional discharge ) 1997_
               _( crim. possession controlled substance — 1995 & 1996_
     ____b. Nature of offense indicates propensity for violence
     ____c. Restraining order
     ____d. Other (Specify)_____
                                              _____

3. Factors relevant to risk of flight from further proceedings:
     ____a. Family ties to United States citizens
          ___Father ___Mother ___Spouse ___Children ___Siblings ___Grandparents
          ___Aunts, Uncles, Cousins ___Other (Specify)_____
          Comments: _____

     ____b. Family ties to Legal Permanent Residents
          ___Father ___Mother ___Spouse ___Children ___Siblings ___Grandparents
          ___Aunts, Uncles, Cousins ___Other (Specify)_____
          Comments: _____
                                _____
     ✓ c. Employment history _____
          Occupation (primary) _construction laborer_ (secondary) _painter_ _____
          Current employer _____
          Approximate length of time with current employer_____
          Previous employer _____
     ____d. Past immigration violations
              ___Came into the United States without inspection or admission
              ___Visa overstay
              ___Previously excluded, deported, or removed
              ___Other (Specify)_____
     ✓ e. Prior record at criminal or immigration proceedings
              ___Criminal proceedings
                  ✓Bench warrant(s) issued   1994
                  ___Contempt citations
                  ___Probation or parole violations
                  ___Other (Specify)_____

___Immigration proceedings
    ___In absentia order
    ___Failure to depart after ordered deported or removed
    ___Other (Specify)_____

___f. Nature of criminal and/or immigration violations demonstrates
    ___Deceitful character
    ___Lack of respect for authority
    ___Other (Specify)_____

___g. Already under supervision of state or federal authority
    ___Probation
    ___Parole
    ___Other (Specify)_____

___h. Apparent eligibility for relief from removal
    ___Cancellation of removal or suspension of deportation
    ___Adjustment of status
    ___Asylum, Withholding of Removal, or Convention against Torture
    ___None
    ___Other (Specify)_____

4. Additional Comments

- bond motion considered

- 2 children (18-20) live with ex-spouse

- R lives in Boynton Beach, Fla in home owned by brother for past 4 yrs.

- under IJ removal order 11-29-00

___Accordingly, based on the above noted factors, the Court finds that the Respondent presents a threat to the community or a significant flight risk and should be **detained** in the custody of the Immigration and Naturalization Service **without bond**.

✓ Accordingly, based on the above noted factors, the Court finds that the Respondent presents a risk of flight and that a bond in the amount of __$12,000_____ is necessary to ensure the Respondent's presence at further immigration proceedings.


_____
Immigration Judge

6-11-02
Date

8



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

5201 Leesburg Pike, Suite 1300
Falls Church, Virginia 22041

*S-TOROSIAN, VREJ OHANNES
INMATE #: 00 R 7281 Inmate Housing: MOH
A35 345 047
C/O 3400 CONCORD ROAD
YORK, PA 17402-0000

INS LIT./York Co. Prison/YOR
3400 Concord Road
York, PA 17402

Name: *S-TOROSIAN, VREJ OHANNES                    A35-345-047

Date of this notice: 05/30/2002

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Lori Scialabba*

Lori Scialabba
Acting Chairman

Enclosure

Panel Members:
      HOLMES, DAVID B.

File:   A35 345 047 - York

Date:    **MAY 3 0 2002**

In re: VREJ <u>TOROSIAN</u>

IN BOND PROCEEDINGS

APPEAL

ON BEHALF OF SERVICE:    Maureen C. Gaffney
Assistant District Counsel

ORDER:

PER CURIAM. This is an Immigration and Naturalization Service appeal from an Immigration Judge's March 5, 2002, bond order. There is now an administratively final order in the instant case. Accordingly, the instant bond appeal from the Immigration Judge's bond order is dismissed as moot and the Immigration Judge's bond order is vacated as moot.

FOR THE BOARD